UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LEO BYFORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 08-CV-0057-CVE-FHM |
| | ) |
| **STEPHEN L. JOHNSON, RICHARD** | ) |
| **GREENE, SAM COLEMAN, and** | ) |
| **JOHN MEYER,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's complaint (Dkt. # 1). Plaintiff alleges that the Environmental Protection Agency ("EPA") is endangering the health and welfare of families and children living near Superfund sites by refusing to adopt permanent solutions to environmental hazards. Specifically, he claims that EPA uses a procedure called "CAPPING," burying hazardous materials and covering them with vegetation, to avoid properly disposing of hazardous materials. Dkt. # 1, at 7-8. Plaintiff asserts 18 claims against various federal officials under Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 et seq. ("CERCLA"), to enjoin the EPA's alleged refusal to adopt permanent solutions at Superfund sites.

Plaintiff's complaint does not mention standing, but the Court has a duty to consider whether plaintiff satisfies the three-part test for standing under Article III of the United States Constitution. United States v. Parker, 362 F.3d 1279, 1284 (10th Cir. 2004); People for the Ethical Treatment of Animals v. Rasmussen, 298 F.3d 1198, 1203 (10th Cir. 2002). The Supreme Court has recognized three elements for standing under Article III:

> First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). The standing requirement ensures that "the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982). "Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact." Nova Health Systems v. Gandy, 416 F.3d 1149, 1155 (10th Cir. 2005) (quoting Whitmore v. Arkansas, 495 U.S. 149, 158 (2005)). The party invoking the jurisdiction of a federal court has the burden to establish Article III standing. New England Health Care Employees Pension Fund v. Woodruff, 512 F.3d 1283, 1288 (10th Cir. 2008).

The primary focus for any analysis of standing under Article III "is whether plaintiff has suffered a present or imminent injury, as opposed to a mere possibility, or even probability, of future injury." Morgan v. McCotter, 365 F.3d 882, 888 (10th Cir. 2004). In this case, plaintiff alleges that the EPA has harmed the environment by refusing to adopt permanent solutions at Superfund sites and, instead, has buried hazardous substances underground without properly disposing of them. The complaint generally alleges that the EPA has engaged in wrongful conduct at every Superfund site and, specifically, that the EPA has permitted contamination or re-contamination at the Tar Creek Superfund Site in northeastern Oklahoma. Dkt. # 1, at 10. He further alleges that persons living

near Superfund sites may suffer an injury from the EPA's failure to properly dispose of hazardous substances. However, he does not allege that he lives in or near a Superfund site or that he is imminently threatened by the discharge of a hazardous substance from a Superfund site.[1] Plaintiff simply states that he is a citizen of the United States and a resident of Oklahoma. Dkt. # 1, at 3.

Plaintiff can not establish that he has suffered an injury-in-fact and, therefore, he lacks standing to proceed with this case. In Lujan, the Supreme Court stated that "a plaintiff claiming injury from environmental damage must use the area affected by the challenged activity . . . ." Lujan, 504, U.S. at 565. Plaintiff alleges general harm to the environment from the EPA's actions, but he does not claim that he visits the contaminated areas or has suffered any type of injury. To the extent that plaintiff alleges that third-parties living near Superfund sites have been harmed, he lacks standing to raise claims on behalf of those third-parties. See Warth v. Seldin, 422 U.S. 490 (1975) (bar against third-party standing necessary to prevent federal courts from ruling on abstract questions of law or public policy when no live case or controversy is before a court). Plaintiff lacks standing to challenge alleged deficiencies with the EPA's selected remedies at Superfund sites on behalf of himself or third-parties, and his case should be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's case is **dismissed** for lack of standing. A separate judgment of dismissal is entered herewith.

**DATED** this 16th day of May, 2008.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff's complaint lists his address as 5244 South Irvington Place, Tulsa, Oklahoma. This is approximately 100 miles from the Tar Creek Superfund Site in northeastern Oklahoma.